UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:

WALTER ENERGY, INC., *et al.*,[1]

Debtors.

Chapter 11

Case No. 15-02741-TOM11

Jointly Administered

## ORDER (A) AUTHORIZING DEBTORS TO ASSUME GROUND LEASE AGREEMENT *NUNC PRO TUNC*, (B) AUTHORIZING SALE OF REAL PROPERTY, AND (C) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of Jim Walter Resources, Inc. ("Jim Walter Resources"), Walter Energy, Inc. and its affiliated debtors and debtors-in-possession (each a "Debtor" and, collectively, the "Debtors"), pursuant to sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 6004, 6006, and 9014, requesting entry of an Order: (i) authorizing Jim Walter Resources to assume, *nunc pro tunc* to the date of the Motion, that certain *Ground Lease Agreement* attached to the Motion as Exhibit B (the "Lease") by and between Jim Walter Resources and DJones Farms, Inc. ("DJones Farms"); and (ii) authorizing Jim Walter Resources to sell the real property identified in the Lease to DJones Farms free and clear of any interest in such property; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Walter Energy, Inc. (9953); Atlantic Development and Capital, LLC (8121); Atlantic Leaseco, LLC (5308); Blue Creek Coal Sales, Inc. (6986); Blue Creek Energy, Inc. (0986); J.W. Walter, Inc. (0648); Jefferson Warrior Railroad Company, Inc. (3200); Jim Walter Homes, LLC (4589); Jim Walter Resources, Inc. (1186); Maple Coal Co., LLC (6791); Sloss-Sheffield Steel & Iron Company (4884); SP Machine, Inc. (9945); Taft Coal Sales & Associates, Inc. (8731); Tuscaloosa Resources, Inc. (4869); V Manufacturing Company (9790); Walter Black Warrior Basin LLC (5973); Walter Coke, Inc. (9791); Walter Energy Holdings, LLC (1596); Walter Exploration & Production LLC (5786); Walter Home Improvement, Inc. (1633); Walter Land Company (7709); Walter Minerals, Inc. (9714); and Walter Natural Gas, LLC (1198). The location of the Debtors' corporate headquarters is 3000 Riverchase Galleria, Suite 1700, Birmingham, Alabama 35244-2359.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1/3908988.1

these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that adequate and proper notice of the Motion has been given and that no other or further notice need be given; and the Court having found and determined that the relief sought in the Motion is in the best interests of Jim Walter Resources, Walter Energy, their estates and all parties in interest; and after due deliberation and sufficient cause appearing therefor; it is hereby ORDERED, ADJUDGED and DECREED that:

1. The Motion is GRANTED.

2. The Debtors' assumption of the Lease meets the business judgment standard and the Debtors are authorized to assume the Lease pursuant to section 365 of the Bankruptcy Code and the Lease is deemed assumed pursuant to section 365 of the Bankruptcy Code *nunc pro tunc* as of the date of the Motion.

3. The sale of the Real Property to DJones Farms free and clear of any and all liens on, relating to, in respect of or against the Real Property, is hereby APPROVED and CONFIRMED.

4. Subject to the terms of this Order and the Lease, pursuant to sections 105 and 363 of the Bankruptcy Code, upon the Closing (as said term is defined in the Lease), Jim Walter Resources is AUTHORIZED and DIRECTED to sell and convey the Real Property to DJones Farms free and clear of any and all liens, leases, claims, interests, or other encumbrances relating to, in respect of or against the Real Property.

5. Subject to the terms of this Order and the Lease, Jim Walter Resources is AUTHORIZED and DIRECTED to consummate the sale of the Real Property to DJones Farms and, pursuant to section 105 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 6004(f)(2), to execute any instrument or document necessary or appropriate to consummate the

sale of the Real Property to DJones Farms and to otherwise implement the terms of this Order and the Lease.

6. Subject to the terms of this Order and the Lease, Jim Walter Resources, without the necessity of obtaining director and shareholder approval, is hereby AUTHORIZED and DIRECTED to execute, any and all instruments and documents (including, without limitation, all agreements, assignments, consents, checks, authorizations, releases, deeds, bills of sale, resolutions, certificates, affidavits, schedules, lists, and other papers) necessary or appropriate to consummate the sale of the Real Property to DJones Farms and to otherwise implement the terms of this Order and the Lease.

7. This Order is and shall be effective as a determination that, at the Closing of the sale of the Real Property, all of the rights, title and interests in and to the Real Property immediately shall vest in DJones Farms, free and clear of any liens on, relating to, in respect of or against any of the Real Property, pursuant to sections 105 and 363(f) of the Bankruptcy Code. Except as otherwise expressly provided in this Order, any and all liens on, relating to, in respect of or against the Real Property shall attach to the proceeds of the sale in the order of their priority, to the same extent, and with the same validity, force and effect, as existed immediately prior to the Sale; provided, however, that nothing in this Order shall prejudice the rights of other parties to object to, challenge, or seek to subordinate such liens and the related claims.

8. Except for liabilities related to any express written agreement directly between DJones Farms and a third party, DJones Farms shall not be liable or obligated for any liability or obligation of the Debtor(s), nor for any interests, damages, costs, expenses, claims, or demands arising from or relating to the Debtor(s)' ownership of the Real Property or operation of the Debtor(s)' business prior to the Closing. DJones Farms shall not have successor or vicarious liabilities of any kind or character whether known or unknown, now existing or hereafter arising,

whether fixed or contingent, with respect to the Debtor(s), and specifically, DJones Farms shall not be a successor to the Debtor(s) for any purpose whatsoever, including without limitation, in relation to any liabilities on account of any taxes of any kind arising, accruing, or payable under, out of, in connection with, or in any way relating to Debtor(s)' business prior to the Closing.

9. Any person or entity that has filed a financing statement, lis pendens, mortgage, or other document or agreement evidencing any lien on any of the Real Property is hereby directed to immediately deliver to the Debtor(s), in proper form for filing and executed by the proper party, a termination statement, instrument of satisfaction, or release, as applicable, with respect thereto. If any person or entity that has filed a financing statement, lis pendens, mortgage, or other document or agreement evidencing any lien on any of the Real Property shall not have delivered to the Debtor(s) prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of the lien which the person or entity has with respect to such Real Property, DJones Farms is authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to such Real Property. DJones Farms is authorized to file this Order (or an abstract thereof) with any such filing or recording office as necessary or appropriate to evidence such satisfactions and releases, and this Order is deemed to be in recordable form sufficient to be placed in the filing or recording system maintained by any such filing or recording office. DJones Farms is hereby also authorized to prepare and file UCC-3 termination statements, or amendments as appropriate, to effectuate the provisions of this Order. The foregoing notwithstanding, the provisions of this Order authorizing the sale of the Real Property free and clear of liens shall be self-executing, and notwithstanding the failure of DJones Farms, the Debtor(s), or any other party to execute, file or obtain releases, termination statements, assignments, consents or other instruments to effectuate, consummate or implement the

provisions hereof or the Lease with respect to the sale of the Real Property, all liens on the Real Property shall be deemed divested. Each and every federal, state, and local governmental agency or department is hereby directed to accept for filing and/or recording any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order and the Lease.

10. The parties to the sale have acted in good faith and are entitled to and are hereby granted the protections of Section 363(m) of the Bankruptcy Code. Accordingly, inter alia, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale of the Real Property to DJones Farms and its assignees and designees (including the assumption of the Lease), unless such authorization is duly stayed prior to Closing. DJones Farms (and its assignees and designees) are each good faith purchasers for value within the meaning of section 363(m) of the Bankruptcy Code. The Debtor(s) and DJones Farms (and its assignees and designees) have not engaged in any actions or conduct prohibited by Section 363(n) of the Bankruptcy Code.

11. The sale of the Real Property meets the business judgment standard, the sound business purpose test, and provides for the maximization of value to the Debtor(s), the Debtors' estates and the Debtors' creditors, and minimizes certain costs associated with the Debtors' cases.

12. The provisions of this Order are non-severable and mutually dependent.

13. As provided by Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately upon entry. The provision of Bankruptcy Rule 6004 staying the effectiveness of this Order for 14 days is hereby waived, and this Order shall be effective, and the parties may consummate the transactions contemplated by the Lease and this Order, immediately upon entry.

14. Notwithstanding any other provision of this Order to the contrary, the Sale shall be fully consummated upon transfer of title to the Real Property to DJones Farms, at which moment both risk of loss and incidents of ownership with respect to the Real Property shall pass to DJones Farms.

15. The actions of the Debtors and DJones Farms and the transactions contemplated by the Lease and the sale of the Real Property are entitled to the protections of section 363(m) of the Bankruptcy Code with respect to the purchase of the Real Property. Neither the Debtors nor DJones Farms have engaged in any conduct that would cause or permit the sale of the Real Property pursuant to the Lease to be voided or otherwise challenged under section 363(n) of the Bankruptcy Code. Accordingly, the contemplated sale is in the best interest of the Debtors, the Debtors' estate, and their creditors.

16. The Debtors reserve the right to assume or reject any other executory contracts or unexpired leases.

17. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: December 8, 2015          /s/ Tamara O. Mitchell
                                                      TAMARA O. MITCHELL
                                                      United States Bankruptcy Judge