UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| In re:<br><br>NEW WEI, INC., *et al.*,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 15-02741-TOM11<br><br>Jointly Administered |

## ORDER

Upon consideration of the motion (the "Motion")[2] of New WEI, Inc. and its affiliated debtors and debtors-in-possession (each a "Debtor" and, collectively, the "Debtors") pursuant to section 1112 of title 11 of the U.S. Code (the "Bankruptcy Code") and rules 1017 and 1019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order (A) converting the above-captioned chapter 11 cases (the "Chapter 11 Cases") to cases under chapter 7 of the Bankruptcy Code (the "Chapter 7 Cases"), and (B) granting related relief; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: New WEI, Inc. (f/k/a Walter Energy, Inc.) (9953); Atlantic Development and Capital, LLC (8121); Atlantic Leaseco, LLC (5308); Blue Creek Coal Sales, Inc. (6986); Blue Creek Energy, Inc. (0986); New WEI 7, Inc. (f/k/a J.W. Walter, Inc.) (0648); Jefferson Warrior Railroad Company, Inc. (3200); New WEI 2, LLC (f/k/a Jim Walter Homes, LLC) (4589); New WEI 13, Inc. (f/k/a Jim Walter Resources, Inc.) (1186); Maple Coal Co., LLC (6791); Sloss-Sheffield Steel & Iron Company (4884); SP Machine, Inc. (9945); Taft Coal Sales & Associates, Inc. (8731); Tuscaloosa Resources, Inc. (4869); V Manufacturing Company (9790); New WEI 19, LLC (f/k/a Walter Black Warrior Basin LLC) (5973); New WEI 18, Inc. (f/k/a Walter Coke, Inc.) (9791); New WEI 22, LLC (f/k/a Walter Energy Holdings, LLC) (1596); New WEI 20, LLC (f/k/a Walter Exploration & Production LLC) (5786); New WEI 1, Inc. (f/k/a Walter Home Improvement, Inc.) (1633); New WEI 6 Company (f/k/a Walter Land Company) (7709); New WEI 16, Inc. (f/k/a Walter Minerals, Inc.) (9714); and New WEI 21, LLC (f/k/a Walter Natural Gas, LLC) (1198). The location of the Debtors' corporate headquarters is 2100 Southbridge Parkway, Suite 650, Birmingham, Alabama 35209.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that adequate and proper notice of the Motion has been given and that no other or further notice need be given; and having considered the objection of the United States of America (the "Objection") to the Motion [Dkt. No. 2849] and arguments of counsel in support thereof; and the Court having found and determined that the professionals serving in the Chapter 11 Cases, including the professionals for the Debtors, the Creditors Committee (and each of its members) and the 1114 Committee (and each of its members), have acted in good faith and in the best interest of the estates, and that each of the members of the Creditors Committee and the 1114 Committee have faithfully discharged their duties under the Bankruptcy Code in good faith; that the objectives of the Chapter 11 Cases have been accomplished; and that the relief sought in the Motion is in the best interests of the Debtors, their estates and all parties in interest; and after due deliberation and sufficient cause appearing therefor; it is hereby ORDERED, ADJUDGED and DECREED that:

1. The Motion is GRANTED as set forth herein.

2. The Objection is overruled.

3. The Chapter 11 Cases shall be converted to cases under Chapter 7 of the Bankruptcy Code on February 21, 2017 (the "Conversion Date").

4. The Debtors are authorized to pay from the Wind Down Trust Assets, prior to the Conversion Date, the DFR Retainer and the KCC Retainer.

5. On the Conversion Date, the Wind Down Trustee shall remit any remaining Wind Down Trust Assets to the chapter 7 trustee.

6. The following Conversion Procedures are hereby approved:

a. **Professional Fees.** To the extent professionals retained in the Chapter 11 Cases have not already submitted Final Fee Applications to the Court, all professionals (excluding professionals retained in the ordinary course of business pursuant to the *Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized in the Ordinary Course of Business* [Docket No. 507]), shall submit Final Fee Applications in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and orders of this Court by no later than March 21, 2017 (the "<u>Final Fee Application Deadline</u>"). The Court will schedule a hearing, in the Court's convenience, on such Final Fee Applications on or before April 28, 2017. The Debtors anticipate that Final Fee Applications for most professionals retained in these Chapter 11 Cases will have been filed, heard, and paid from the Wind Down Trust Assets, to the extent approved by the Court, prior to the Conversion Date. With respect to Final Fee Applications filed after the Conversion Date in accordance with the Conversion Procedures, to the extent the Court approves a Final Fee Application: (i) within ten (10) business days after entry of such order, all approved amounts owed for professional fees and expenses incurred after March 31, 2016 shall be paid (x) first, from each professional's retainer to the extent such retainers exist; and (y) thereafter, from the chapter 7 estates. To the extent that the Final Fee Application filed by KPMG, as tax, valuation, and accounting advisors for the Debtors, covers work performed for the Debtors for the benefit of Warrior Met Coal in accordance with the terms of the Additional Engagement letter filed with the Court on September 1, 2016, approved amounts owing to KPMG shall be paid by Warrior Met Coal. The Interim Compensation Order [Dkt. No. 650] shall remain in full force and effect with respect to Monthly Fee Applications for fees and expenses incurred prior to the Conversion Date, and professionals with retainers are authorized to pay amounts requested in said Monthly Fee Applications from their retainers, in accordance with the Interim Compensation Order.

b. **Fee Examiner**. The Debtors are authorized to pay the Fee Examiner a retainer in the amount of $25,000 to cover post-conversion services by the Fee Examiner through April 28, 2017 in reviewing the Final Fee Applications of chapter 11 professionals (the "<u>DFR Retainer</u>"). Upon entry of an order authorizing the Final Fee Applications, the engagement of the Fee Examiner appointed in these Chapter 11 Cases will be immediately terminated, with no further action required by the Debtors or the Court. The Fee Examiner shall submit his Final Fee Application within 30 days of Court approval of the Final Fee Applications, and the Fee Examiner's allowed fees and expenses shall be paid from the DFR Retainer, with any balance remaining on the DFR Retainer after approval and payment of the Fee Examiner's final fee application to be remitted to the chapter 7 trustee.

c. **Claims Agent.** The Claims Agent shall continue to be employed post-conversion through April 28, 2017. The Claims Agent will be paid for its

work after the Conversion Date (i) first, from its retainer in the amount of $46,320.00 (the "KCC Retainer"), and (ii) second, from a supplemental retainer in the amount of $100,000 that the Debtors are authorized to pay prior to the Conversion Daye (the "Supplemental KCC Retainer"). The KCC Retainer and the Supplemental KCC Retainer shall cover post-conversion services provided by the Claims Agent through April 28, 2017, including service of the notice of conversion, maintaining the case website, service of pleadings filed post-conversion, maintaining the claims register, and working with the clerk's office to transfer claims and noticing information to the Court in a form and manner acceptable to the clerk's office. After April 28, 2017, the chapter 7 trustee will determine whether, and to what extent, to continue to employ the Claims Agent. Any balance remaining on the Supplemental KCC Retainer on April 28, 2017 shall be remitted to the chapter 7 trustee, except to the extent that the chapter 7 trustee seeks Court authority to retain the Claims Agent for additional time.

d. **Statutory Committees**. On the Conversion Date, the Creditors Committee and the Section 1114 Committee shall be immediately dissolved, and all professionals retained by the Creditors Committee and the Section 1114 Committee shall be immediately discharged, with no further action required by the Debtors, the Creditors Committee or the Section 1114 Committee.

e. **Wind Down Trust**. The Wind Down Trust Agreement and the Wind Down Trust shall not terminate until the Conversion Date (the "Termination Date"). On the Termination Date, or as soon as reasonably practicable thereafter, the Wind Down Trustee shall remit the remaining Wind Down Trust Assets to the chapter 7 trustee appointed in the Chapter 7 Cases. The Wind Down Trustee shall be terminated as soon as the remaining Wind Down Trust assets are remitted to the chapter 7 trustee.

f. **Books and Records.** As soon as reasonably practicable, but in no event more than fourteen days after the assumption of duties by the chapter 7 trustee, the Debtors shall turn over to the chapter 7 trustee the books and records of the Debtors in the Debtors' possession and control, as required by Bankruptcy Rule 1019(4). For purposes hereof, the Debtors may provide copies (including electronic copies) of such books and records to the chapter 7 trustee or instructions for locating and accessing such books and records, and may retain copies of such books and records to the extent necessary to complete the reports required herein.

g. **Reconciliation and Accounting**. Within thirty (30) days of the Conversion Date, the Debtors shall provide the chapter 7 trustee with a reconciliation of the Wind Down Trust, Professional Fee Escrow, and Debtors' remaining bank accounts summarizing: (a) the payments and disbursements made therefrom, (b) to whom such payments and

disbursements were made, (c) on which dates, and (d) for which purposes. The Debtors will also similarly summarize any receipts received into the Wind Down Trust, Professional Fee Escrow, or Debtors' remaining bank accounts.

h. **Schedule of Unpaid Debts.** Within fourteen (14) days of the Conversion Date, the Debtors shall file a schedule of unpaid debts incurred after commencement of the Chapter 11 Cases, including the name and address of each creditor, as required by Bankruptcy Rule 1019(5).

i. **Final Report**. Within thirty (30) days after the Conversion Date, the Debtors shall file and transmit to the Bankruptcy Administrator a final report and account (the "Final Report") in accordance with Bankruptcy Rule 1019(5)(A).

j. **Claims**. Upon request of the chapter 7 trustee, the Claims Agent shall (i) forward to the Clerk of this Court an electronic version of all imaged claims; (ii) upload the creditor mailing list into CM/ECF; (iii) docket a final, combined claims register in the lead Walter Energy case containing claims in all the Debtors' cases; and (iv) as soon as reasonably practicable, box and transport all original claims in the manner and to the place reasonably requested by the Clerk of this Court.

k. **Notice of Conversion**. Within seven (7) days of filing the schedule of unpaid debts, as set forth in paragraph (i) above, the Claims Agent shall serve a notice of conversion, substantially in the form of Exhibit 1 to this Order (the "Notice of Conversion"), on all parties on the Debtors' creditor matrix and any creditors identified in the schedule of unpaid debts.

l. **Administrative Claims Bar Date**. Any party claiming an administrative expense claim pursuant to sections 503 or 507 of the Bankruptcy Code arising after commencement of the Chapter 11 Cases and before the Conversion Date, shall file a request for allowance of such claims on or before April 28, 2017 (the "Chapter 11 Administrative Claims Bar Date"). Notice of the Chapter 11 Administrative Claims Bar Date shall be included in the Notice of Conversion. Claims for payment of professional fees and reimbursement of expenses by professionals employed by the estates are not subject to the Chapter 11 Administrative Claims Bar Date, but shall be made in accordance with subparagraph (a) herein.

7. Prior to the Conversion Date, the Debtors shall pay the final quarterly fee for the partial first quarter of 2017 through the Conversion Date.

8. The chapter 7 trustee appointed in the Debtors' cases shall comply in all respects with the Debtors' obligations under the Warrior Met Coal APA and the order of this Court dated January 8, 2016 approving the Core Assets Sale and shall immediately upon receipt turn over to Warrior Met Coal any assets which constitute Acquired Assets (as defined in the Warrior Met Coal APA), including cash.

9. The chapter 7 trustee appointed in the Debtors' cases shall comply in all respects with the Debtors' obligations under the Seminole APA and the order of this Court dated February 8, 2016 approving the Non-Core Assets Sale and shall immediately upon receipt turn over to Seminole any assets which constitute Acquired Assets (as defined in the Seminole APA), including cash.

**Dated: February 2, 2017**                            **/s/ Tamara O. Mitchell**
                                                       **TAMARA O. MITCHELL**
                                                       **United States Bankruptcy Judge**

**EXHIBIT 1**
**NOTICE OF CONVERSION**

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **In re:**<br><br>**NEW WEI, INC.,** *et al.*,[1]<br><br>               **Debtors.** | Chapter 11<br><br>Case No. 15-02741-TOM11<br><br>Jointly Administered |

## NOTICE OF CONVERSION AND CHAPTER 11
## ADMINISTRATIVE CLAIMS BAR DATE

**PLEASE TAKE NOTICE** that on January 9, 2017, the Debtors filed the *Debtors' Motion for an Order (A) Converting the Debtors' Chapter 11 Cases to Chapter 7 and (B) Granting Related Relief* [Docket No. ____] (the "Conversion Motion").

**PLEASE TAKE FURTHER NOTICE** that on January __, 2017 the Court entered an Order granting the Conversion Motion [Docket No. ____] (the "Conversion Order").[2]

**PLEASE TAKE FURTHER NOTICE** that under the Conversion Order, the Chapter 11 Cases were converted to cases under chapter 7 of the Bankruptcy Code effective February 14, 2017.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: New WEI, Inc. (f/k/a Walter Energy, Inc.) (9953); Atlantic Development and Capital, LLC (8121); Atlantic Leaseco, LLC (5308); Blue Creek Coal Sales, Inc. (6986); Blue Creek Energy, Inc. (0986); New WEI 7, Inc. (f/k/a J.W. Walter, Inc.) (0648); Jefferson Warrior Railroad Company, Inc. (3200); New WEI 2, LLC (f/k/a Jim Walter Homes, LLC) (4589); New WEI 13, Inc. (f/k/a Jim Walter Resources, Inc.) (1186); Maple Coal Co., LLC (6791); Sloss-Sheffield Steel & Iron Company (4884); SP Machine, Inc. (9945); Taft Coal Sales & Associates, Inc. (8731); Tuscaloosa Resources, Inc. (4869); V Manufacturing Company (9790); New WEI 19, LLC (f/k/a Walter Black Warrior Basin LLC) (5973); New WEI 18, Inc. (f/k/a Walter Coke, Inc.) (9791); New WEI 22, LLC (f/k/a Walter Energy Holdings, LLC) (1596); New WEI 20, LLC (f/k/a Walter Exploration & Production LLC) (5786); New WEI 1, Inc. (f/k/a Walter Home Improvement, Inc.) (1633); New WEI 6 Company (f/k/a Walter Land Company) (7709); New WEI 16, Inc. (f/k/a Walter Minerals, Inc.) (9714); and New WEI 21, LLC (f/k/a Walter Natural Gas, LLC) (1198). The location of the Debtors' corporate headquarters is 2100 Southbridge Parkway, Suite 650, Birmingham, Alabama 35209.

[2] Terms not defined herein shall have the meaning ascribed to them in the Conversion Order.

**PLEASE TAKE FURTHER NOTICE** that any party claiming an administrative expense claim pursuant to sections 503 or 507 of the Bankruptcy Code arising after commencement of the Chapter 11 Cases and before the Conversion Date, shall file a request for allowance of such claims on or before April 28, 2017 (the "Chapter 11 Administrative Claims Bar Date").

Dated: _____, 2017  BRADLEY ARANT BOULT CUMMINGS LLP
       Birmingham, Alabama  One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
Telephone:  (205) 521-8000

- and -

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019
Telephone:  (212) 373-3000

*Counsel to the Debtors and Debtors-in-Possession*